**No. 23-1652**

# In the United States Court of Appeals
FOR THE THIRD CIRCUIT

GOLD RESERVE INC.
*Appellee*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA

PETRÓLEOS DE VENEZUELA, S.A.,
*Appellant*

On Appeal from the United States District Court for the District of Delaware
Misc. No. 22-453
(Hon. Leonard P. Stark, United States Circuit Judge)

**BRIEF OF APPELLEE**

| | |
|---|---|
| Matthew H. Kirtland<br>Norton Rose Fulbright US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>Telephone: 202-662-0200<br>matthew.kirtland@nortonrosefulbright.com | Matthew P. Ward<br>Kevin J. Mangan<br>Womble Bond Dickinson (US) LLP<br>1313 N. Market St., Suite 1200<br>Wilmington, DE 19801<br>Telephone: 302-252-4320<br>matthew.ward@wbd-us.com<br>kevin.mangan@wbd-us.com |
| Katherine G. Connolly<br>Norton Rose Fulbright US LLP<br>555 California Street, Suite 3300<br>San Francisco, CA 94101<br>Telephone: 628-231-6816<br>katie.connolly@nortonrosefulbright.com | |

*Counsel for Appellee*
*Gold Reserve Inc.*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and Third Circuit Local Appellate Rule 26.1, Gold Reserve Inc. makes the following disclosure:

(1) For nongovernmental corporate parties, please list all parent corporations:

*None.*

(2) For nongovernmental corporate parties, please list all publicly held companies that hold 10% or more of the party's stock:

*None.*

(3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

*None.*

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: (1) the debtor, if not identified in the case caption; (2) the members of the creditors' committee or the top 20 unsecured creditors; and, (3) any entity not named in the caption which is an active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

*Not applicable.*

Dated:  May 24, 2023             */s/ Matthew P. Ward*
　　　　　　　　　　　　　　　　　Matthew P. Ward

　　　　　　　　　　　　　　　　　*Counsel for Appellee*
　　　　　　　　　　　　　　　　　*Gold Reserve Inc.*

## TABLE OF CONTENTS

                                                        **Page**

CORPORATE DISCLOSURE STATEMENT ........................................................i
TABLE OF CITATIONS ................................................................................iv
INTRODUCTION ..........................................................................................1
STATEMENT OF ISSUES ..............................................................................2
STATEMENT OF THE CASE ..........................................................................2
SUMMARY OF ARGUMENT .........................................................................7
STANDARD OF REVIEW ..............................................................................7
ARGUMENT .................................................................................................7
CONCLUSION ..............................................................................................9
COMBINED CERTIFICATES OF COMPLIANCE ...........................................10
CERTIFICATE OF SERVICE ........................................................................11

# TABLE OF CITATIONS

**Cases**

*Gold Reserve Inc. v. Bolivarian Republic of Venezuela,*
  Case No. 23-1652, Doc. 4 (3d Cir. Apr. 11, 2023) ...........................................7, 8

*Microsoft Corp. v. DataTern, Inc.*,
  755 F.3d 899 (Fed. Cir. 2014) ..................................................................................8

*United States v. Straker*,
  800 F.3d 570 (D.C. Cir. 2015)..................................................................................8

**Statutes**

10 Del. C. § 5031 .......................................................................................................6

28 U.S.C. § 1330(a) ...................................................................................................6

28 U.S.C. § 1610(c) ................................................................................................3, 6

28 U.S.C. § 1963 ........................................................................................................4

8 Del. C. § 324 ...........................................................................................................6

**Rules**

Circuit Rule 32(e)(1)................................................................................................10

Federal Rule of Appellate Procedure 28(i) ..................................................... 2, 7, 8

Federal Rules of Civil Procedure 69........................................................................6

Federal Rule of Appellate Procedure 32(a)(5).......................................................10

Federal Rule of Appellate Procedure 32(a)(6).......................................................10

Federal Rule of Appellate Procedure 32(a)(7)(B) .................................................10

Federal Rule of Appellate Procedure 32(f) ............................................................10

# TABLE OF CONTENTS
(continued)

Page

Federal Rule of Appellate Procedure 32(g)(1) ........................................................10

Local Appellate Rule 28.3(d) ..................................................................................10

Local Appellate Rule 31.1(c) ...................................................................................10

Local Appellate Rule 46.1(e) ...................................................................................10

**INTRODUCTION**

Appellee and Venezuela Judgment Creditor Gold Reserve Inc. ("Gold Reserve") seeks to enforce a judgment issued by the U.S. District Court for the District of Columbia on November 20, 2015 (the "Judgment"), in favor of Gold Reserve and against Venezuela. After Venezuela failed to satisfy the judgment obtained against it, Gold Reserve registered the judgment in the District of Delaware, seeking a conditional writ of attachment against state oil company Petróleos de Venezuela S.A. ("PDVSA")'s shares in its wholly-owned Delaware corporation PDV Holding, Inc. ("PDVH"). Such attachment is permissible under the Foreign Sovereign Immunities Act ("FSIA") because PDVSA is the alter ego of Venezuela.

Gold Reserve's case is related to the cases brought by five other Venezuela Judgment Creditors, all of which are also appellees in this consolidated case. These five other parties are OI European Group B.V. ("OIEG"), ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL1"), Northrop Grumman Ship Systems, Inc. Rusoro Mining Limited, Koch Minerals Sárl, and Koch Nitrogen International Sárl. Collectively, these five other parties and Gold Reserve are referred to as the "Other Creditors." Gold Reserve's conditional writ of attachment *fieri facias* was granted pursuant to stipulation on March 31, 2023, with PDVSA agreeing "this Court's rulings on the pending attachment motions in the Other Creditor Actions shall be binding on the parties in the above-captioned

1

action[.]" JA87. Now, PDVSA – and Venezuela – appeal the ruling of the Honorable Leonard P. Stark in the Other Creditor Actions. As previously, Gold Reserve seeks to be put in the same position as the Other Creditors and therefore joins the brief of Appellee OIEG.

## STATEMENT OF ISSUES

Pursuant to Federal Rules of Appellate Procedure, Rule 28(i), Gold Reserve, Inc. joins the brief of Appellee OIEG.

## STATEMENT OF THE CASE

Judgment creditor Gold Reserve Inc. ("Gold Reserve") is a mining company incorporated under the laws of the Yukon Territory in Canada with a registered address in Spokane, Washington, United States.

In respect of matters concerning this appeal, Gold Reserve is similarly situated to the Other Creditors. Each Other Creditor suffered a violation of international law in respect of its valuable commercial property in Venezuela under the Chávez regime. PDVSA was an alter ego of the Venezuelan state at the time of each expropriation, remained so in 2018 when this Court ruled in *Crystallex II*, and has remained so ever since.

***The Gold Reserve Arbitration.*** On September 22, 2014, an Arbitral Tribunal, constituted under the Additional Facility Rules of the International Centre for Settlement of Investment Disputes ("ICSID"), issued a unanimous award in favor of

Gold Reserve against Venezuela. JA560 ¶ 4. The Tribunal found, *inter alia*, "Venezuela in breach of Article II(2) of the [Canada-Venezuela] BIT by 'failing to accord fair and equitable treatment to Gold Reserve's investment.'" JA571. In consequence, the Tribunal ordered Venezuela to pay Gold Reserve compensation in the sum of $713,032,000, plus pre- and post-award interest, and $5 million in legal fees and costs. *Id*.

***The Gold Reserve Judgment.*** On November 20, 2015, the United States District Court for the District of Columbia granted Gold Reserve's petition to confirm the award and entered the Judgment in the amount of:

> $713,032,000.00, plus (i) pre-award interest from April 14, 2008, to September 22, 2014 (the date of the Award) at the United States Government Treasury Bill Rate, compounded annually, in the amount of $22,299,576, (ii) post-award interest on the total amount awarded, inclusive of pre-award interest, at a rate of LIBOR plus 2%, compounded annually, from September 22, 2014, until payment in full; and (iii) the $5 million in legal fees and costs awarded by the Tribunal.

JA563-64.

Venezuela appealed, and on June 21, 2017, the United States Court of Appeals for the District of Columbia Circuit dismissed the appeal. JA561 ¶ 8.

***Authorization of Enforcement and Registration of Judgment.*** While the appeal was pending, on January 20, 2016, the District Court granted Gold Reserve's motion filed pursuant to § 1610(c) of the FSIA, holding that the requisite "reasonable

period of time" had elapsed following the entry of judgment, so that Gold Reserve could proceed to attachment and execution. JA561 ¶ 9.

On October 5, 2022, Gold Reserve registered the Judgment with this Court pursuant to 28 U.S.C. § 1963. JA220. The amount due, as of the date of Judgment, was $740,331,576.00. As of the present date, additional amounts are due in consequence of the post-award interest that has continued to accrue on the total amount of the award, inclusive of pre-award interest, at a rate of LIBOR plus 2%, compounded annually, from September 22, 2014, until payment in full. JA561 ¶ 7.

On October 20, 2022, Gold Reserve filed its Motion for a Conditional Order Authorizing The Issuance of Attachment *Fieri Facias* requesting a ruling that, in the event the other similarly situated judgment creditors' motions for a conditional writ of attachment of the PDVH shares are granted, then Gold Reserve's motion should also be granted. In support of this request, Gold Reserve "incorporate[d] and relie[d] upon the evidence and arguments made by each of the Venezuelan Judgment Creditors." JA263.

PDVSA intervened in the action, unopposed. JA6039-40.

***Parties' January 27, 2023 Stipulation.*** On January 27, 2023, PDVSA and Gold Reserve stipulated that the District Court's "rulings on the pending attachment motions in the Other Creditor Actions shall be binding on the parties in the above-

captioned action." JA6043. In full, the Parties jointly proposed order, which was entered by the Court on January 30, 2023, stipulated:

> 1. The parties agree to forego the submission of any further briefs or proposed findings of fact in support or in opposition to Gold Reserve's Motion; and
>
> 2. The parties do not believe and will not argue that "there has been any material change to any fact relevant to the factual determination(s) the Court must make with respect to the pending alter ego issues since April 2021"; and
>
> 3. <u>The parties agree that this Court's rulings on the pending attachment motions in the Other Creditor Actions shall be binding on the parties in the above-captioned action</u>, subject to the parties' rights to appeal and paragraph 4 below, such that Gold Reserve's Motion shall be granted to the extent the Court grants the pending attachment motions in the Other Creditor Actions and that Gold Reserve's Motion for a Conditional Writ shall be denied to the extent the Court denies the pending attachment motions in the Other Creditor Actions, and that the parties shall jointly submit an implementing order within 7 days of the last decision entered by the Court in the Other Creditor Actions, whether or not an appeal is taken;
>
> 4. In the event that the Court reaches different outcomes on the pending attachment motions in the Other Creditor Actions, the parties shall file a joint status report within 14 days of the last decision entered by the Court in the Other Creditor Actions addressing the impact of the Court's other decisions on Gold Reserve's Motion;
>
> 5. The parties agree that nothing in this stipulation and proposed order shall be construed as a waiver of any immunities to which PDVSA is entitled under the FSIA or a waiver of any right to appeal the Court's decision on Gold Reserve's Motion.

JA6041-44 (emphasis added).

***District Court's Decision in the Other Creditor Actions***. On March 23, 2023, the District Court granted the Other Creditor Actions' motions for issuance of a writ of attachment, after finding that PDVSA was Venezuela's alter ego. JA20.

***Grant of Conditional Writ***. Following the District Court's decision in the Other Creditors Actions on March 23, 2023, PDVSA and Gold Reserve again agreed to a proposed order, which granted Gold Reserve's Motion. In full, the Parties' stipulated proposed order, which was signed by the District Court on March 30, 2023, stated:

> Accordingly, upon review and consideration of the above, and in accordance with 28 U.S.C. § 1610(c), Rule 69 of the Federal Rules of Civil Procedure, Local Rule 69.1, 10 Del. C. § 5031, 8 Del. C. § 324, and the Rules of the Delaware State Courts, it is hereby:
>
> **ORDERED** that, for the reasons stated in the Court's March 23, 2023 Order, Intervenor Petróleos de Venezuela, S.A. ("PDVSA") is not entitled to foreign sovereign immunity and this Court has subject matter jurisdiction over this action pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330(a);
>
> **ORDERED** that Plaintiff Gold Reserve's Motion for a Conditional Order Authorizing the Issuance of a Writ of Attachment *Fieri Facias* (the "Motion") is GRANTED;
>
> **ORDERED** that under 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of judgment in favor of Plaintiff;
>
> **ORDERED** that upon the Court's receipt of evidence that the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") has either (i) authorized the issuance and service of a

writ of attachment or (ii) removed the sanctions under which the PDV Holding, Inc. ("PDVH") Shares are currently blocked property, then the Clerk of this Court is authorized to affix its original signature and seal on Plaintiff's writ of attachment *fieri facias*;

**ORDERED** that, upon satisfaction of the prior conditions, and after the Clerk of this Court has affixed its original signature and seal on Plaintiff's writ of attachment *fieri facias*, the Clerk of Court is authorized to issue the writ of attachment in aid of Plaintiff's execution of its Judgment against Defendant Bolivarian Republic of Venezuela; ORDERED that, the praecipe attached to the Motion is approved; and ORDERED that, upon satisfaction of the prior conditions, and after the Clerk of this Court has issued Plaintiff's writ of attachment *fieri facias*, the U.S. Marshals Service is authorized to serve Plaintiff's writ of attachment *fieri facias*, as signed, sealed, and issued by the Clerk of the Court, on PDVH.

JA87.

## SUMMARY OF ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 28(i), Gold Reserve joins the brief of Appellee OIEG.

## STANDARD OF REVIEW

Gold Reserve Inc. joins the brief of Appellee OIEG.

## ARGUMENT

This Court has stated that it "disfavors redundant briefing." *Gold Reserve Inc. v. Bolivarian Republic of Venezuela,* Case No. 23-1652, Doc. 4 (3d Cir. Apr. 11, 2023) Noting that the Appellees in the consolidated action "appear similarly situated," the Court "encouraged [Appellees] to file a single consolidated response

brief addressing all six appeals or, at a minimum, coordinate briefing and adopt portions of other briefs by reference. See Fed. R. App. P. 28(i)." *Id.*

As such, Gold Reserve joins the brief of OIEG pursuant to Federal Rule of Appellate Procedure 28(i). This is the exact type of case that was envisioned by Rule 28(i) in that it is a consolidated case, *Gold Reserve Inc. v. Bolivarian Republic of Venezuela,* Case No. 23-1652, Doc. 4 (3d Cir. Apr. 11, 2023), "involving more than one appellant or appellee". The Court thus "can readily apply the proponent's arguments to the adopter's case." *United States v. Straker*, 800 F.3d 570, 594 n.5 (D.C. Cir. 2015).[1]

Before the District Court, PDVSA stipulated that "the Court's disposition of the Other Creditors' motions for a conditional writ of attachment should govern the disposition of Gold Reserve's Motion, such that if the Other Creditors' motions are granted then Gold Reserve's Motion should be granted, and if the Other Creditors' motions are denied then Gold Reserve's Motion should be denied[.]" JA6042. On this basis, when the Other Creditors' motions for a conditional writ of attached were granted, the District Court granted Gold Reserve's motion, and entered an order in a form that had been agreed between PDVSA and Gold Reserve. JA87.

---

[1] Nor is there any attempt to circumvent the word limit. *Compare Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 910 (Fed. Cir. 2014).

Here, the same result should occur, such that to the extent this Court affirms in OIEG's action, then this Court should also affirm in Gold Reserve's action, and to the extent this Court reverses in OIEG's action then this Court should reverse in Gold Reserve's action.

## CONCLUSION

Wherefore, Gold Reserve respectfully requests that this Court should affirm.

Dated:  May 24, 2023                             Respectfully submitted,

                                                 */s/ Matthew P. Ward*
                                                 Matthew P. Ward
Matthew H. Kirtland                              Kevin J. Mangan
Norton Rose Fulbright US LLP                     Womble Bond Dickinson (US) LLP
799 9th Street NW, Suite 1000                    1313 N. Market St., Suite 1200
Washington, DC 20001                             Wilmington, DE 19801
Telephone: 202-662-0200                          Telephone: 302-252-4320
matthew.kirtland@nortonrosefulbright.com         matthew.ward@wbd-us.com
                                                 kevin.mangan@wbd-us.com

Katherine G. Connolly
Norton Rose Fulbright US LLP
555 California Street, Suite 3300
San Francisco, CA 94101
Telephone: 628-231-6816
katie.connolly@nortonrosefulbright.com

*Counsel for Appellee*
*Gold Reserve Inc.*

## COMBINED CERTIFICATES OF COMPLIANCE

In accordance with Local Appellate Rules 28.3(d) and 46.1(e), I certify that all attorneys whose names appear on this brief are members in good standing of the bar of this Court or have filed an application for admission.

In accordance with Local Appellate Rule 31.1(c), I certify that the texts of the electronic brief and paper copies are identical and that Microsoft Defender Offline scanned the file and did not detect a virus.

In accordance with Federal Rule of Appellate Procedure 32(g)(1), I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,843 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1), according to the word count of Microsoft Word 365. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in Times New Roman 14-point font, a proportionally spaced typeface.

Dated: May 24, 2023        */s/ Matthew P. Ward*
                           Matthew P. Ward

                           *Counsel for Appellee*
                           *Gold Reserve Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that counsel for all parties are registered as Filing Users of the Court's CM/ECF system and that a copy of this Brief of Appellee will be served electronically on this date by operation of the Court's CM/ECF system.

Dated:  May 24, 2023               */s/ Matthew P. Ward*
                                                    Matthew P. Ward

                                                    *Counsel for Appellee*
                                                    *Gold Reserve Inc.*